USDC IN/ND case 1:18-cv-00196-TLS-SLC document 4 filed 02/16/18 page 1 of 8

Filed: 2/16/2018 1:20 PM
Kittie Keiffer
Clerk
Huntington County, Indiana

35D01-1802-PL-000091
Huntington Superior Court

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE HUNTINGTON SUPERIOR COURT |
| | )§: | |
| COUNTY OF HUNTINGTON | ) | CAUSE NO.: |
| | | |
| AMY DUCKWORTH | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| MOTEL 6, | ) | |
| d/b/d HARIOHM MOTA, LLC, | ) | |
| HARISH ("MIKE") PATEL, and | ) | |
| ENTELLI CONSULTING, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT FOR DAMAGES AND JURY DEMAND

COMES NOW, the Plaintiff, Amy Duckworth, by counsel, Samuel L. Bolinger and files her complaint for damages and jury demand and alleges as follows:

### I. INTRODUCTION

1. Plaintiff alleges against defendants having failed to pay her for hours worked overtime hours worked in violation of the overtime provisions of the Fair Labor Standard Act ("FSLA"), 29 U.S.C. §206(a)(1).

2. Plaintiff is an adult female resident of Huntington, Huntington County, Indiana, and at all times, hereinafter, that she was an employee of Defendant, Motel 6, d/b/a Hariohm Mota, LLC, and Harish ("Mike") Patel.

3. Defendant, Motel 6, d/b/a Hariohm Mota, LLC, is a motel doing business at 730 W. Logan ST., Markle, Huntington County, Indiana, at all time, hereinafter, employed Plaintiff.

4. Defendant Mike Patel, (hereinafter "Patel") is an adult male resident of Wabash, Wabash

County, Indiana 46992 and the owner and operator of Motel 6, located at 730 W. Logan St., Markle, Huntington County, Indiana, and hereinafter, the employer of the Plaintiff.

5. Entelli Consulting, LLC (hereinafter "Entelli") is a payroll service located at 900 N. Arlington Heights Rd., Ste. 170, Itasca, IL 60143 and employed by Defendants, Patel and Motel 6, d/b/a Hariohm Mota, LLC, to perform all payroll functions, including that of overtime wages at the Defendant Motel 6, for all times, hereinafter, performed said services as to Plaintiff and was aware of the overtime issues.

6. Plaintiff was and still is employed by Defendants, Patel and Motel 6.

7. Plaintiff was and is a non exempt employee for purposes of the FSLA and Defendants are employer for purposes of the FSLA.

8. Defendant, Patel had supervisory authority over the Plaintiff and was responsible in whole or in part of violations of law giving rise to this complaint and Defendant acted directly in the interest of Defendant, Motel as to the Plaintiff's employment was an employer of the Plaintiff within the statute of 29 U.S.C. §203(d).

9. Plaintiff was employed by the Defendants, Motel 6, d/b/a Hariohm Mota, LLC, and Patel within the meaning of 29 U.S.C. §203 (e) and was employed by them within the meaning of I.C. §22-2-9-1.

## II. JURISDICTION

10. Plaintiff reasserts allegations of paragraph 1 through 9 of the complaint as if fully set forth here.

11. Plaintiff'S case arises under FSLA and represents a federal question over which this court has jurisdiction, pursuant to 28 U.S.C. §133. Venue is appropriate in this court,

pursuant to 28 U.S.C. §1391, as Defendants reside in and are citizens in this judicial district and as all events or omissions giving rise to the claim occurred in this judicial district.

12. Plaintiff is an employee of the Defendants are employers as those terms are defined by 29 U.S.C. §203(d)and (e) and Defendant, Motel 6, d/b/a Hariohm Mota, LLC and Entelli is and was an employer within the meaning of I.C. §22-2-9-1.

13. That at all times during Plaintiff's employment with Defendants, Plaintiff was directly engaged in interstate commerce.

14. Defendants, Motel 6, d/b/a Hariohm Mota, LLC, Entelli and Patel 6 were engaged in the involvement of an enterprise which was engaged in interstate commerce, pursuant to 29 U.S.C. §203-13.

15. Defendants are subject to the FSLA 29 U.S.C. §201 *et seq.* and to the Indiana Wage Claim Act, I.C. §22-2-9-1 *et seq.*

16. Plaintiff filed a wage claim with the Indiana Department of Labor. Ex. A.

17. Pursuant to I.C. §22-2-9-4, the Indiana Commissioner of Labor referred claims to the Indiana Attorney General, who, in turned, referred these wage claims to the undersigned attorney for prosecution.

18. Attached as Exhibit B is a true and accurate copy of the letter of assignment from the Indiana Department of Labor authorizing the undersigned legal counsel to bring these wage/overtime claims.

19. Plaintiff has exhausted all necessary administrative remedies, and has standing to pursue both her federal and state law claims.

20. Finally, this court has supplemental jurisdiction over the Plaintiff's cause of action, under the Indiana Wage Claim statute, pursuant to 28 U.S.C. §1367(a).

### III. FACTS

21. Plaintiff reasserts allegations of paragraph 1 through 20 of the complaint as if fully set forth here.

22. Plaintiff is employed as a clerk at Defendants.

23. Here hourly wage is $7.75 per hour. It later was raised to 8.00 per hour.

24. Plaintiff worked from December 1, 2015 to December 15, 2017 without receiving her pay. This was 7,960 hours worked.

25. Plaintiff overtime pay rate was $10.87 and $12.00 per hour.

26. Plaintiff worked 40 hours of overtime without being paid for it.

27. Plaintiff provided Defendants' with the time sheets and paycheck stubs, but they refused to pay her her wages and overtime.

28. Plaintiff is currently employed with Defendants.

### IV. COUNT I - FSLA CLAIM AGAINST BOTH DEFENDANTS

29. Plaintiff reasserts allegations of paragraph 1 through 28 of the complaint as if fully set forth here.

30. Plaintiff was a non-exempt employee of the defendants and was entitled to an overtime premium for any hours worked over forty (4) in any given work week, pursuant to the FSLA.

31. During the period of Plaintiff's employment, Plaintiff regularly worked in excess of forty (40) hours each week, but Defendants did not compensate her for her overtime work.

32. The above described conduct by Defendants is unlawful and willful and violated 29 U.S.C. §207(a)(1).

33. As a result fo the above described conduct by Defendants, Plaintiff has suffered an injury in the form of lost wages.

## COUNT II

34. Plaintiff reasserts allegations of paragraph 1 through 33 of the complaint as if fully set forth here.

35. Defendants failed to pay the Plaintiff all the wages that she was due on the first pay date following and continuing to present, pursuant to I.C. §22-2-9-2 and Defendants were not acting in good faith when it failed to pay Plaintiff the wages due to her.

36. As a result of the above described conduct of Defendants, Plaintiff suffered injury in the form of lost wages.

## V.  PRAYER FOR RELIEF

37. Plaintiff request the court to enter judgment against Defendants, jointly and severally and grant the following:

    a. Plaintiff moves the court to order declaratory relief in the form of a judgment that Defendants violated the provisions of the FSLA and that the defendants violated provisions of the Indiana Wage Claim statute;

    b. Plaintiff moves the court to order reimbursement of the Plaintiff's unpaid wages, unpaid overtime, and other economic damages, for a period of three (3) years from the date of this complaint, in an amount to be determined at trial, plus interest at the statutory rate;

c. Plaintiff, further moves the court to order liquidated damages for all unpaid overtime, pursuant to the FSLA;

d. Plaintiff moves the court to order all other economic damages shown to be casually related to the defendants' conduct;

e. Plaintiff moves the court to order prejudgment interest;

f. Plaintiff moves the court to order costs and attorney's fees and other costs related to this action under both the FSLA and the Indiana Wage Claim Act; and

g. Plaintiff, finally, moves the court to order all other relief available to her at law or in equity.

## REQUEST FOR JURY TRIAL

Plaintiff requests that this matter be tried to a jury.

Respectfully submitted,

/s/ Samuel L. Bolinger
Samuel L. Bolinger, #10786-98
803 S. Calhoun St., Ste. 300
Fort Wayne, IN 46802
Tel: (260) 407-0040
Fax: (260) 407-0039
Email: mark@slbolingerlaw.com

USDC IN/ND case 1:18-cv-00190-TLS-SLC document 4 filed 02/16/18 page 7 of 8

35D01-1802-PL-000091     Filed: 2/16/2018 1:20 PM
Huntington Superior Court     Kittie Keiffer
Huntington County, Indiana     Clerk

**INDIANA DEPARTMENT OF LABOR**

Rick J. Ruble, Commissioner
402 West Washington Street, Room W195
Indianapolis, Indiana 46204-2751
Phone: (317) 232-2655
Fax: (317) 233-3790

January 2, 2018

Amy Duckworth
507 1/2 Washington Street
Huntington, IN 46750

        Re: Wage Claim Cannot be Mediated
            Wage Claim #18-16185
            Amount: $44,176.96

Dear Amy Duckworth:

According to Indiana Code § 22-2-9-5, the Indiana Department of Labor is not authorized to take assignments of wage claims for more than $6,000.00. Therefore, we are authorizing you to pursue this matter with a private attorney licensed in the State of Indiana. Enclosed is a list of attorneys who have notified the Indiana Department of Labor that they will consult with or represent individuals in Wage and Hour matters.

The Office of the Attorney General and the Indiana Department of Labor have made no findings on any issues raised by or related to this complaint. If you choose to pursue this claim in court, Indiana Code § 22-2-5-2 permits the recovery of liquidated damages in the amount of ten percent (10%) for each day the amount due to the claimant remains unpaid, not exceeding double the amount of wages due; and the recovery of reasonable attorney's fees.

If you pursue this claim through a private attorney, we request your attorney report the results of your claim to the Office of the Attorney General. Please follow the instructions and complete the form found on the Indiana Attorney General's website, http://www.in.gov/attorneygeneral . The completed form may be either submitted electronically or by U.S. mail.

If you have any questions or concerns about this wage claim, please contact us by e-mail at wageclaims@dol.in.gov or by phone at (317) 232-2655 option 1.

Sincerely,

Wage and Hour Division

                                                                                   **EXHIBIT A**

USDC IN/ND case 1:18-cv-00190-TLS-SLC document 4 filed 02/16/18 page 8 of 8

35D01-1802-PL-000091
Huntington Superior Court

Filed: 2/16/2018 1:20 PM
Kittie Keiffer
Clerk
Huntington County, Indiana

# APPLICATION FOR WAGE CLAIM

State Form 2069 (R5 / 12-09)
INDIANA DEPARTMENT OF LABOR

INDIANA DEPARTMENT OF LABOR
WAGE AND HOUR DIVISION
402 West Washington Street w-195
Indianapolis, IN 46204

*(Please type or print your response and be sure to answer all questions)*

## Employee

**Name:** Amy M. Duckworth
**Address:** 507 1/2 Washington Street
**City:** Huntington
**State and Zip Code:** IN, 46750
**Telephone number:** (260) 366-3120 Ext.

## Employer

**Name:** ENTELLI CONSULTING, LLC
**Address:** 900 N. ARLINGTON HEIGHTS RD STE 170
**City:** ITASCA
**State and Zip Code:** IL, 60143
**Telephone number:** (847) 348-7780 Ext.

**Amount of Claim:** $44,176.96
**Length of Employment:** From 12/1/2015 To 12/15/2017
**Address Where Work Was Performed:** Motel 6, 730 W. Logan Street, Markle, IN 46770
**Reason for Leaving Employment:** Still Employed
**Reason Given for Non-Payment:** No Reason

**Wage Agreement:** Hourly $44,176.96  Salary $  Commission  Piece Rate

**Type of Claim: Check Box(s)** — Minimum Wage Complaint | Non-Payment of Overtime [X] | Non-Payment of Vacation | Payroll Deduction | Non-Payment of Paycheck

**INSTRUCTIONS:**
(1) Show, mathematically, how you calculated the amount of your claim
(2) Be sure to list the dates of non-payment, including hours worked each day with beginning and ending times
(3) Submit supporting documentation

Hourly Wages due from: 12/1/2015 to 12/15/2017. Hourly Rate of $$7.25 and 8.00 x 7960 Hourly Hours Worked
hourly Overtime Rate of $$10.87 and 12.00 x 4040 Hourly Overtime Hours Worked

Paycheck Stubs and Timesheets will be provided as evidence with this claim. No Reason. . . Reason for non-payment: No Reason

**Incomplete Forms:**
Any incomplete Application for Wage Claim will be returned to its sender in its entirety without action taken from our Department.

**Disclaimer:**
The Department of Labor has the right to reject this claim at any time if, in the judgement of the Commissioner of Labor, said claim is not valid and enforceable in the courts.

Date Received (Office Use Only)

Received through the Online Wage Claim Application - 12/19/2017

**EXHIBIT B**

**Signed:** Amy M. Duckworth - Submitted Online  **Dated:** 12/19/2017